**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JASON FAUSNAUGHT,

     Petitioner,

v.                                    No. 18-cv-882 MV-LF

RICHARD MARTINEZ, *Warden,*

     Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Jason Fausnaught's 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) (Petition).   Petitioner challenges his state convictions for, inter alia, criminal sexual penetration and aggravated battery.   The Court previously directed Petitioner to show cause why his § 2254 Petition should not be dismissed as untimely.   Having independently researched the state docket to confirm the time-bar, and because Petitioner cannot establish grounds for tolling, and the Court must dismiss the Petition.

**I.  Procedural Background**

The background facts are taken from the Petition (Doc. 1) and the state court docket in Petitioner's state court criminal docket, Case No. D-307-CR-2004-01153.   The state criminal filings are subject to judicial notice.   *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed.").

In 2006, a jury convicted Petitioner of the following state charges: (1) second and third degree criminal sexual penetration; (2) aggravated battery against a household member; and (3) use

of a telephone to terrify, intimidate, or threaten.   (Doc. 1 at 1).   The state court sentenced him to a total term of 24 years imprisonment.   *Id.*   Judgment on the conviction and sentence was entered on or about January 4, 2007.   *Id.*; *see also* Judgment and Order of Commitment in Case No. D-307-CR-2004-1153.   Petitioner filed a direct appeal, and the New Mexico Court of Appeals ("NMCA") affirmed on March 28, 2008.   *See* ORA Mandate in Case No. D-307-CR-2004-1153. The Petition states that he did not appeal further.   (Doc. 1 at 2).   However, in his show-cause response, Petitioner suggests that he filed a further appeal in Santa Fe (*i.e.,* with the New Mexico Supreme Court ("NMSC")).   (Doc. 10 at 2).   The Court searched the NMSC docket, which reflects Petitioner filed a timely certiorari appeal.   *See* S-1-SC-31066.   The NMSC denied certiorari relief on May 15, 2008.   *See* S-1-SC-31066.   Petitioner did not seek further review with the United States Supreme Court ("USSC").   The conviction therefore became final no later than August 14, 2008, following expiration of the 90-day period for seeking federal certiorari review. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where defendant fails to seek file certiorari review following a direct appeal, the conviction becomes final after the 90-day USSC certiorari period has passed).

The state docket reflects there was no case activity for over two and a half years.   *See* Docket Sheet in Case No. D-307-CR-2004-1153.   On or about March 29, 2011, Petitioner filed a motion to reconsider in state court, arguing that his sentence was unduly harsh.   *See* Motion/Petition to Reopen in Case No. D-307-CR-2004-1153.   The state court denied the motion on April 19, 2011.   *See* Order of Dismissal in Case No. D-307-CR-2004-1153.   Over the next five or six years, Petitioner continued to file state habeas petitions or other motions seeking post-judgment relief.   *See* Docket Sheet in Case No. D-307-CR-2004-1153.   It appears that the New

Mexico Supreme Court ("NMSC") denied his most recent petition for certiorari relief on February 24, 2016.   *See* Doc. 1 at 29.

Petitioner filed the instant § 2254 proceeding on September 18, 2018.   (Doc. 1).   He raises claims for ineffective assistance of trial counsel and due process violations.   By an Order to Show Cause entered February 21, 2020, the Court screened the Petition under Habeas Corpus Rule 4 and determined that it was plainly time-barred.   (Doc. 7); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition").   The Order set forth the legal standard for statutory/equitable tolling and directed Petitioner to show cause why the case should not be dismissed.   Petitioner filed his show-cause response on March 24, 2020 (Doc. 10), and the matter is ready for review.

## III.  Discussion

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final.   28 U.S.C. § 2244(d)(1)(A).   The one-year limitation period can be extended:

(1)      While a state habeas petition is pending, § 2244(d)(2);

(2)      Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)      Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)      Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Clay v. United States*, 537 U.S. 522, 524 (2003).

The Court carefully reviewed the docket in Petitioner's criminal case and determined that the criminal judgment became final no later than August 14, 2008, following expiration of the 90-day period for seeking federal certiorari review.   *See Rhine*, 182 F.3d at 1155.   There was no case activity during the next year, and the limitations period expired on August 14, 2009.   Any state post-conviction motions filed after that date had no impact on the expired limitations period.   *See Gunderson v. Abbott,* 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("[The § 2254] petitions cannot be tolled for time spent in state post-conviction proceedings because the applications for post-conviction relief were not filed until after … end of the limitations period").   Petitioner's 2018 federal habeas proceeding is therefore time-barred, absent grounds for tolling.

The Court explained the above principles in its Order to Show Cause.   (Doc. 7).   In his response, Petitioner appears to concede that there was no state court tolling activity for at least one year after the Judgment became final in 2009.   (Doc. 10 at 1-5).   However, he seeks tolling because: (1) he did not learn about federal habeas review until 2013, when he was transferred to the Otero County Prison Facility ("OCPF"); (2) appellate counsel did not advise him about his federal habeas rights or the one-year limitation period; and (3) he was frequently transferred between prisons, which impeded his access to legal resources.   *Id.*   The Court will address each argument below.

A. Equitable Tolling Based on Ignorance of the Federal Habeas Process

Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

Here, Petitioner alleges that he was ignorant regarding the federal court system, and that he could not seek advice about post-conviction remedies from the inmate "paralegals" because he is a sex offender. (Doc. 10 at 3-4). Disclosing such information to fellow inmates would put his life in danger. *Id.* at 3. Petitioner did not learn about the federal habeas process until 2013, when he was transferred to a specialized facility for sex offenders (OCPF). *Id.* While the Court is sympathetic with Petitioner and his efforts, the Tenth Circuit is adamant that ignorance of the law cannot excuse an untimely habeas filing. *See Marsh*, 223 F.3d at 1229 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his … claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition"); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); *Clay v. Jones*, 491 F. App'x 935 (10th Cir. 2012) (Petitioner's failure to "understand … tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances

5

entitling him to equitable tolling."); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (same).   Petitioner is therefore not eligible for equitable tolling based on the lack of post-conviction counsel or help from fellow inmates.

      B. <u>Equitable Tolling Based on Ineffective Assistance by Counsel</u>

      Petitioner also seeks tolling because his trial counsel withdrew before the sentencing and failed to assist with the appeal, and his replacement appellate counsel barely communicated with him.   (Doc. 10 at 1-2).   These claims pertain to the merits of Petitioner's habeas claims, rather than the timeliness of his Petition.   Unfortunately, Federal Courts cannot consider the merits of a habeas claim unless the petitioner complies with the stringent procedural requirements of §§ 2244 and 2254, including the one-year limitation period.   *See U.S. v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA)…. The first of these barriers is timeliness.").

      Petitioner also contends that his attorneys improperly failed to inform him about his federal habeas rights.   In rare circumstances, equitable tolling is available based on attorney misconduct. *See Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007).   However, to obtain tolling, the attorney's actions must be "[p]articularly egregious, … such as repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 F. App'x 952, 955 (10th Cir. 2010) (citing *Fleming*, 481 F.3d at 1255-56.   *See also Montoya v. Milyard,* 342 F. App'x 430, 432 (10th Cir. 2009) (equitable tolling is available where an attorney "affirmatively misled his client").   Assuming without deciding that trial and appellate counsel were required to explain Petitioner's federal habeas rights, the failure to do so does not qualify as egregious misconduct.   *See Montoya,*

342 F. App'x at 432 (equitable tolling was unavailable based on "counsel's failure to notify [petitioner] of the [habeas] statute of limitations"); *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."). Equitable tolling is therefore not available based on ineffective assistance of counsel.

    C. Equitable Tolling Based on Prison Transfers and Time Spent in Segregation

Petitioner also seeks equitable and/or statutory tolling because he was transferred multiple times after other inmates discovered his sex offender status. (Doc. 10 at 2, 5). Petitioner typically spent several months in protective segregation awaiting each transfer. *Id.* Each new facility also required a three to four-week orientation lockdown, where he lacked access to the law library or his paperwork. *Id.* at 2. Petitioner attached a record reflecting his location history to the show-cause response. *Id.* at 5. He used green pen marks to delineate the time spent in "seg[regation] and orientation … at each facility." *Id.*

As noted above, the limitations period began running on August 14, 2008 and expired one year later. The location history reflects that Petitioner was transferred in July of 2008, and that he was held in segregation until October 30, 2008. (Doc. 10 at 5). Prison officials released him from segregation at 12:30 p.m. on October 30, 2008, and he remained in the general population until 2010. *Id.* Therefore, Petitioner's segregation did not impact his ability to file a § 2254 petition before the one-year limitation period expired in 2009, and tolling is not available based on any prison transfers after that time.

For these reasons, the Court concludes that Petitioner's show-cause response (Doc. 10) does not establish grounds for tolling. The one-year limitation period expired on August 14, 2009, and

the federal habeas proceeding filed on September 18, 2018 is time-barred.   The Court must dismiss the Petition (Doc. 1).   The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case.   *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Jason Fausnaught's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) is **DISMISSED**; a certificate of appealability is denied; and a separate judgment will be entered closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE